GEORGE WOLFE, Respondent, v. PHILIP BAROUDI, Appellant.— Appeal from a judgment of the Supreme Court, Washington County, after a trial by jury. Respondent fell, sustaining the injuries complained of, when the rung of a ladder furnished by appellant broke as he was carrying a roll of roofing paper to the roof of appellant's building. The basic question presented on this appeal is whether the record contains adequate evidence to support the jury's finding that appellant assumed direction and control of repairing the roof thus invoking subdivision 1 of section 240 of the Labor Law. The complaint alleged that appellant failed to provide a ladder so constructed, placed and operated as to give proper protection to the plaintiff. The questions for the jury, aside from damages, were whether the defendant was one directing another to perform labor and whether the ladder provided was a safe one within the meaning of said section of the Labor Law. Respondent, an employee of Harder's Fiberglass Company, was sent by his immediate superior with a coemployee, one McCane, to operate a tar machine in connection with the repair of a roof on a building owned by appellant. According to respondent, when he arrived, appellant took charge of the operation in that he directed respondent and McCane to work on the roof and instructed them specifically how the job was to be done, how to lay the paper and where to tar heavily. Further, there is evidence that appellant procured and paid directly three additional men utilized on the job. That he and respondent secured the necessary materials which he paid for himself. Appellant, on the other hand, in addition to his own testimony, adduced testimony from the men he brought to work on the roof which, if believed by the jury, would have resulted in the conclusion that respondent, rather than appellant, directed and controlled the performance of the roofing job. Appellant urges that respondent's testimony of his assuming control is unbelievable as a matter of law and that in any event the jury's verdict in so finding is against the weight of the evidence. We cannot agree. Davis v. Caristo Constr. Corp. (13 A D 2d 382) relied on by appellant is factually inapposite to the case at bar. Here the question of credibility upon which the outcome of the case so vitally hinges was properly left to the jury and its finding was within the scope of the evidence. We find in the record no sufficient basis for appellant's contention that the verdict should be set aside as the result of compromise or of coercion. (See Carolan v. Altruda, 17 A D 2d 211; Wheeler v. Rabine, 15 A D 2d 407.) Judgment affirmed, without costs. Gibson, P. J., Herlihy, Reynolds, Taylor and Hamm, JJ., concur.